******************************************
The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

HARMINDER SINGH *v.* CVS ET AL.
(AC 39484)

Alvord, Mullins and Bear, Js.

*Syllabus*

The plaintiff appealed from the decision of the Workers' Compensation
Review Board affirming the decision of the Workers' Compensation
Commissioner, who concluded that the plaintiff had reached maximum
medical improvement for a compensable toe injury and that he was
not entitled to benefits for total incapacity from that injury under the
applicable statute (§ 31-307). *Held* that there was no merit to the plain-
tiff's claim that the board improperly affirmed the commissioner's deter-
mination, as the commissioner's conclusion that the plaintiff's chronic
and degenerative medical condition was not caused by his compensable
toe injury was sustained by the underlying facts in the record.

Argued April 20—officially released July 25, 2017

*Procedural History*

Appeal from the decision of the Workers' Compensa-
tion Commissioner for the Fourth District denying and
dismissing the claim for certain benefits and granting
in part the plaintiff's motion to correct, brought to the
Workers' Compensation Review Board, which affirmed
the commissioner's decision, and the plaintiff appealed
to this court. *Affirmed.*

*Andrew E. Wallace*, for the appellant (plaintiff).

*James T. Baldwin*, for the appellee (named
defendant).

*Opinion*

PER CURIAM. The plaintiff, Harminder Singh, appeals from the decision of the Workers' Compensation Review Board (board) affirming the decision of the Workers' Compensation Commissioner (commissioner), who concluded that the plaintiff had reached maximum medical improvement for a compensable toe injury and that he was not entitled to benefits for total incapacity from that injury under General Statutes § 31-307.[1] The board affirmed the commissioner's determination on the ground that the plaintiff's medical condition was the result of degenerative processes unrelated to the compensable injury. The board concluded that evidence in the record found persuasive and credible by the commissioner supported that determination. On appeal, the plaintiff claims that the commissioner improperly failed to (1) apply credible evidence in accordance with the applicable law, specifically General Statutes § 31-349, and (2) perform an analysis of the plaintiff's total disability consistent with the precedent in *Osterlund* v. *State*, 135 Conn. 498, 66 A.2d 363 (1949), and, therefore, the board improperly affirmed the decision of the commissioner.

After careful review of the record, including the board's well reasoned decision, and the parties' appellate briefs, we conclude that the plaintiff's claims on appeal are without merit. The board properly affirmed the commissioner's determination that the plaintiff's chronic and degenerative medical condition was not caused by his compensable toe injury. "[O]ur role is to determine whether the review [board's] decision results from an incorrect application of the law to the subordinate facts or from an inference illegally or unreasonably drawn from them . . . . [Therefore, we ask] whether the commissioner's conclusion can be sustained by the underlying facts." (Internal quotation marks omitted.) *Jodlowski* v. *Stanley Works*, 169 Conn. App. 103, 108, 147 A.3d 741 (2016). In this case, the answer to that question is yes, the commissioner's conclusion can be sustained by such facts.

The decision of the Workers' Compensation Review Board is affirmed.

[1] The defendants to this appeal are the named defendant, CVS, which was the plaintiff's employer, and Gallagher Bassett Services, Inc., the insurance administrator.