******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# IN RE ANGELINA M.*
## (AC 41577)

Prescott, Elgo and Bear, Js.

*Syllabus*

The respondent mother appealed to this court from the judgment of the
trial court terminating her parental rights with respect to her minor
child. *Held:*

1. The respondent mother's claim that the trial court erred in concluding
that she failed to achieve the requisite degree of personal rehabilitation
required by statute (§ 17a-112) was unavailing; the cumulative effect
of the evidence submitted at trial was sufficient to justify the court's
determination that the mother had failed to achieve a sufficient degree
of personal rehabilitation that would encourage the belief that, within
a reasonable time frame, she could assume a responsible position in
the life of the child.

2. The trial court's finding that the termination of the respondent mother's
parental rights was in the best interest of the child was not clearly
erroneous; that court made specific findings with respect to each of the
seven factors delineated by statute (§ 17a-112 [k]), including findings
that the minor child had no attachment to the mother and was attached
fully with her foster parents, that the mother had not made an effective
effort to improve her rehabilitative circumstances, that ongoing contact
with the mother would be detrimental to the child, and that the mother
could not provide a permanent, nurturing, emotionally and physically
supportive and stable home to the minor child, and those findings were
substantiated by ample evidence in the record.

Argued November 26, 2018—officially released February 1, 2019**

*Procedural History*

Petition by the Commissioner of Children and Families to terminate the respondents' parental rights with respect to their minor child, brought to the Superior Court in the judicial district of New London, Juvenile Matters at Waterford, where the case was tried to the court, *Driscoll, J.*; judgment terminating the respondents' parental rights, from which the respondent mother appealed to this court. *Affirmed.*

*Mary M.*, self-represented, the appellant (respondent mother).

*Sara N. Swallen*, assistant attorney general, with whom, on the brief, were *George Jepsen*, former attorney general, and *Benjamin Zivyon*, assistant attorney general, for the appellee (petitioner).

*Jean Park*, for the minor child.

*Opinion*

PER CURIAM. The self-represented respondent mother appeals from the judgment of the trial court terminating her parental rights as to Angelina M., her minor child.[1] She contends that the court improperly concluded that (1) she failed to achieve the requisite degree of personal rehabilitation required by General Statutes § 17a-112 and (2) termination of her parental rights was in the best interest of the child.[2] We affirm the judgment of the trial court.

To prevail on a nonconsensual termination of parental rights, the petitioner, the Commissioner of Children and Families, must prove, by clear and convincing evidence, one of the seven statutory grounds for termination. See General Statutes § 17a-112 (j) (3). In the present case, the petitioner principally alleged, and the court ultimately concluded, that the respondent failed to achieve a sufficient degree of personal rehabilitation pursuant to § 17a-112 (j) (3) (B).[3] On appeal, that ultimate conclusion presents a question of evidentiary sufficiency. See *In re Shane M.*, 318 Conn. 569, 587–88, 122 A.3d 1247 (2015). On our careful review of the record, construing the evidence submitted at trial in a manner most favorable to sustaining the judgment; see id., 588; we conclude that the cumulative effect of that evidence was sufficient to justify the court's determination that the respondent had failed to achieve a sufficient degree of personal rehabilitation that would encourage the belief that, within a reasonable time frame, she could assume a responsible position in the life of the child.

We further conclude that the court's finding that termination of the respondent's parental rights was in the best interest of the child is not clearly erroneous. See *In re Brayden E.-H.*, 309 Conn. 642, 657, 72 A.3d 1083 (2013). The court expressly considered and made specific findings with respect to each of the seven factors delineated in § 17a-112 (k). Of particular significance, the court found that Angelina "has no attachment" to the respondent and "is attached fully with her foster parents," that the respondent had not made an "effective effort to improve [her] rehabilitative circumstances," that "ongoing contact [with the respondent] would be detrimental to and confusing to the child," and that the respondent cannot provide "a permanent, nurturing, emotionally and physically supportive and stable home" to Angelina. Those findings are substantiated by evidence in the record before us, including the testimony of the respondent's individual therapist, Trinette Conover, the respondent's "parenting education/supervised visitation provider," Sarah Laisi Lavoie, and Kelly Rogers, an expert in clinical and forensic psychology. Because there is ample supporting evidence in the record, and this court is not left with a definite and firm conviction that a mistake has been

made; see *In re Elijah G.-R.*, 167 Conn. App. 1, 29–30, 142 A.3d 482 (2016); the court's finding that termination of the respondent's parental rights was in the best interest of the child is not clearly erroneous.

The judgment is affirmed.

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 79a-12, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Appellate Court.

** February 1, 2019, the date that this decision was released as a slip opinion, is the operative date for all substantive and procedural purposes.

[1] The court also terminated the parental rights of Angelina's father, whom we refer to by that designation. As the court noted in its memorandum of decision, the father was defaulted due to his failure to appear at trial. Because he has not appealed from the judgment of the trial court, we refer in this opinion to the respondent mother as the respondent.

We also note that pursuant to Practice Book § 67-13, the attorney for the minor child filed a statement adopting the brief of the petitioner in this appeal.

[2] The respondent also alleges that the court misapplied Connecticut law, claiming that "[i]n making its decision terminating her rights [the] court did not properly follow the applicable provisions of General Statutes §§ 17a-112 (j) (3) (B) (i) and 17a-112 (j) (3) (E)." That claim is belied by the record and, thus, is without merit.

[3] We note that the petitioner also alleged and proved the statutory ground set forth in § 17a-112 (j) (3) (E), which is implicated when a respondent who fails to achieve rehabilitation previously had her "parental rights in another child . . . terminated pursuant to a petition filed by the Commissioner of Children and Families . . . ."