******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STEPHANIE SZYMONIK *v.* PETER SZYMONIK
(AC 42601)

Cradle, Alexander and Eveleigh, Js.

*Syllabus*

The defendant, whose marriage to the plaintiff previously had been dissolved, appealed to this court from the judgments of the trial court finding him in contempt on two separate occasions and sanctioning him for bad faith litigation. The court granted the plaintiff's motions for contempt, which alleged that the defendant had failed to make certain lump sum payments that the court had ordered him to pay toward a child support arrearage. The court also granted the plaintiff's motion for sanctions, concluding that the defendant had engaged in bad faith litigation because of his repetitive motions that did not raise any colorable claims. The court also awarded the plaintiff attorney's fees with respect to these motions. *Held* that, after a careful review of the record, briefs, oral argument and relevant law, this court concluded that the defendant failed to demonstrate any instance of reversible error by the trial court, as that court's factual findings were not clearly erroneous and the proper legal standards and analyses were applied to the defendant's claims.

Argued January 26—officially released June 21, 2022

*Procedural History*

Action for the dissolution of a marriage, and for other relief, brought to the Superior Court in the judicial district of Hartford, where the court, *Epstein, J.*, rendered judgment dissolving the marriage and granting certain other relief in accordance with the parties' separation agreement; thereafter, the court, *Klatt, J.*, granted the plaintiff's motion for contempt and awarded the plaintiff attorney's fees, and the defendant appealed to this court; subsequently, the court, *Klatt, J.*, issued its finding regarding the amount of the attorney's fees, and the defendant amended his appeal; thereafter, the court, *Klatt, J.*, sanctioned the defendant for engaging in bad faith litigation, and the defendant amended his appeal; subsequently, the court, *Margaret Murphy, J.*, granted in part the plaintiff's motion for contempt and awarded the plaintiff attorney's fees, and the defendant amended his appeal. *Affirmed.*

*Peter Szymonik*, self-represented, the appellant (defendant).

*Keith Yagaloff*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. In this extensively litigated postdissolution matter, the defendant, Peter Szymonik, challenges the judgments of the trial court finding him in contempt on two separate occasions and sanctioning him for engaging in bad faith litigation. On appeal, the defendant presents a myriad of overlapping and intertwined arguments seeking a reversal of the court's judgments. After a careful review of the file, the memoranda of decision, the appellate briefs, and the parties' oral argument before this court, we affirm the judgments of the trial court.

The court, *Epstein, J.*, dissolved the marriage of the plaintiff, Stephanie Szymonik, and the defendant on April 30, 2008. *Szymonik* v. *Szymonik*, 167 Conn. App. 641, 644, 144 A.3d 457, cert. denied, 323 Conn. 931, 150 A.3d 232 (2016). The parties were granted joint legal custody of their children, with a shared parenting plan. Id., 645. On August 20, 2012, the court, *Carbonneau, J.*, issued an order stating that "neither party shall file any motions with the court without the prior express written approval of the presiding judge because of the interminable numbers of motions filed." On July 7, 2017, the court, *Simón, J.*, ordered the defendant to pay the plaintiff $242 per week in child support and an additional $48 per week toward an arrearage found to be $40,488. In addition, the court ordered the defendant to reduce the arrearage by making a lump sum payment of $2500 within thirty days and further payments of $1500 every six months until the arrearage was paid in full.

On October 11, 2017, the plaintiff filed a motion for contempt, claiming that the defendant had failed to make the lump sum payments required by the court's July 7, 2017 order. On February 8, 2019, the court, *Klatt, J.*, found that the defendant had the ability to make these payments, failed to do so and, therefore, was in wilful contempt. As a sanction, the court ordered the defendant to pay the attorney's fees of the plaintiff relating to this contempt motion. The defendant then commenced this appeal. On May 9, 2019, the court found the attorney's fees of the plaintiff related to the contempt motion to be $2338, and the defendant amended his appeal to include this finding.

On August 24, 2018, the plaintiff filed a motion for sanctions, alleging that the defendant had engaged in litigation misconduct by filing meritless motions, motions for order raising issues that already had been decided, and numerous requests for leave to file additional motions. On August 30, 2019, the court issued a memorandum of decision granting the plaintiff's motion for sanctions. Specifically, the court stated: "In the present motion, the court finds that the defendant's repetitive motions do not raise any colorable claims. . . .

[E]ach motion filed raises the same issues that have been determined by trial courts, appellate courts and the federal district court. Despite numerous rulings, the defendant continues to raise the same issues without any basis in law or facts.'' The court concluded that the defendant had engaged in bad faith litigation and awarded the plaintiff attorney's fees in the amount of $7150, payable by the defendant within ninety days. The defendant subsequently amended his appeal to challenge the court's August 30, 2019 judgment.

On September 10, 2019, the plaintiff filed a motion for contempt regarding the defendant's noncompliance with the orders relating to the child support arrearage. On October 31, 2019, the court, *M. Murphy, J.*, issued a memorandum of decision, finding that the defendant had not made any lump sum payments toward his arrearage. It found the defendant in contempt with respect to the nonpayment of the July 7, 2017 order relating to the arrearage. The court stated the following in order to enforce the prior orders: "The defendant shall make additional child support arrearage payments of $75 [per] week by immediate wage withholding through support enforcement services. The $75 [per] week is in place of the single lump sum payment of $2500 and the biannual (i.e., twice yearly) lump sum payments of $1500 . . . . The court finds the defendant has the ability to pay. The arrearage payments of $75 [per] week shall be in addition to any current child support payments and the current weekly arrearage payment of $48 [per] week. The arrearage payments of $75 [per] week and $48 [per] week for a total of $123 [per] week shall be paid until such time as the arrearage is paid in full." The court also granted the plaintiff's request for attorney's fees, which subsequently was determined to be $600.80. The defendant again amended his appeal to include a challenge to these findings.

On appeal, the defendant challenges the court's February 8, 2019 memorandum of decision finding him in wilful contempt and the subsequent award of $2338 in attorney's fees; the court's August 30, 2019 memorandum of decision granting the plaintiff's motion for sanctions and the award of $7150 in attorney's fees; and the court's October 31, 2019 memorandum of decision finding him in wilful contempt, the award of an additional $75 per week in child support arrearage payments, and the subsequent award of $600.80 in attorney's fees. The defendant presents a multitude of arguments as to why the judgments of the trial court should be reversed, challenging their legal conclusions and factual findings.

After a careful review of the record, briefs, oral argument, and relevant law, we conclude that the judgments of the trial court should be affirmed. Despite the numerous arguments advanced by the defendant, he has failed to demonstrate any instance of reversible error by the

trial court. We conclude that the court's factual findings are not clearly erroneous, and that the proper legal standards and analyses were applied to the defendant's claims. See, e.g., *In re Angelina M.*, 187 Conn App. 801, 803–804, 203 A.3d 698 (2019); *Singh* v. *CVS*, 174 Conn. App. 841, 842–43, 167 A.3d 461 (2017); *Bridgeport* v. *Niedzwiecki*, 9 Conn. App. 807, 808, 518 A.2d 406 (1986), cert. denied, 203 Conn. 802, 522 A.2d 292, cert. denied, 484 U.S. 852, 108 S. Ct. 154, 98 L. Ed. 2d 109 (1987). Accordingly, we affirm the judgments of the trial court.

The judgments are affirmed.

———————————————